UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SOPHIA F.,

       **Plaintiff,**

    v.

KILOLO KIJAKAZI,[1]
**Acting Commissioner of Social Security,**

       **Defendant.**

Case No. 1:19-cv-20748
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Sophia F. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.[2]

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity.
[2] Because the Court concludes that this matter may be resolved on the parties' filings, Plaintiff's request for oral argument, *Plaintiff's Reply Brief*, ECF No. 12, p. 5, is denied.

I.      PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

On March 2, 2016, Plaintiff—acting without the assistance of counsel—filed an application for Disability Insurance Benefits ("DIB"), alleging that she has been disabled since October 30, 2013. R. 198–201. Plaintiff's DIB application was denied initially and upon reconsideration. R. 134–39 (initial denial undated), 141–43 (denial on reconsideration dated July 26, 2016). On October 26, 2016, Plaintiff sought a *de novo* hearing before an administrative law judge. R. 144–45. Administrative Law Judge Kim Soo Nagle ("ALJ") held a hearing on November 5, 2018, at which Plaintiff, who was by that time represented by counsel, testified, as did a vocational expert. R. 57–108. In a decision dated November 26, 2018, the ALJ concluded that, despite Plaintiff's severe impairments of bilateral knee degenerative joint disease with a history of arthroscopy and obesity, Plaintiff had the residual functional capacity to perform her past relevant work as an advertising clerk. R. 40–48. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from October 30, 2013, Plaintiff's alleged disability onset date, through December 31, 2014, the date upon which Plaintiff was last insured for DIB. R. 48.

The parties agree that an SSI application was also filed on March 2, 2016, *i.e.,* the same date on which her DIB application was filed and when she was proceeding without the assistance of counsel.[3] The ALJ acknowledged that Plaintiff had in fact filed an application for SSI

---

[3] Although the record does not contain a separate SSI application, Plaintiff's DIB application, which was filed while she was proceeding without the assistance of counsel, indicates that she filed or intended to file a SSI application, R. 198, and the record contains documents regarding Plaintiff's SSI interim assistance reimbursement, R. 202–03. *See also* 20 C.F.R. § 416.350(b) (providing that the SSA "will treat . . . [an applicant's] application for title II benefits as an oral inquiry about SSI, and the date of the title II application form may be used to establish the SSI application date if the requirements of § 416.345 (d) and (e) are met").

2

benefits, but concluded that the application had been denied and that Plaintiff had not sought further review of that denial:

> While the claimant's representative asserted that there is also a pending Title XVI claim for benefits (Exhibits 8E [R. 253], 11E [R. 258–60]), this claim was properly denied due to excess resources (Ex. 13B [R. 193]). While this recent notice did not contain the claimant's name or Social Security Number out of the interest of privacy, the beneficiary notice control (BNC) is assigned to the claimant (As confirmed through PCOM). There is no evidence that a new claim for benefits was filed or that this initial denial was appealed (Ex. 2B [R. 140], 4B [R. 144–45]).

R. 35 n. 1. The ALJ also considered that neither Plaintiff's request for reconsideration of the denial of her DIB application, R. 140, nor her request for a hearing by an administrative law judge on that application, R. 144–45, referred to any SSI claim under Title XVI. *Id.* The ALJ therefore did not address, either at the administrative hearing or in the administrative decision, the merits of Plaintiff's SSI application.

The administrative decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 8, 2019. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1.[4]

## II.   STANDARD OF REVIEW

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a

---

[4] On August 25, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 13. The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See, e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong

[Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; see *Schonewolf*, 972 F. Supp. at 290.

## III. DISCUSSION

Plaintiff disagrees with, *inter alia*, the ALJ's failure to consider her SSI application and argues that this failure cannot be overlooked because, in refusing to consider Plaintiff's SSI application, the ALJ also refused to consider any evidence generated after December 31, 2014, the date on which Plaintiff was last insured for purposes of DIB. According to Plaintiff, such evidence would have qualified Plaintiff for at least SSI benefits and perhaps for DIB benefits as well. *Plaintiff's Memorandum of Law*, ECF No. 10, pp. 8–10; *Plaintiff's Reply Brief*, ECF No. 12, pp. 1–2. The Commissioner responds that Plaintiff's SSI application was properly denied on the basis that Plaintiff had more financial resources available to her than was permitted for SSI,[5] and that the ALJ explained this in the decision denying Plaintiff's application for DIB. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 11, p. 9. In response, Plaintiff denies that she received a proper notice of denial of her SSI application and observes that the Commissioner has not produced in this record any such notice. *Plaintiff's Memorandum of Law*, ECF No. 10, pp. 8–10; *Plaintiff's Reply Brief*, ECF No. 12, pp. 1–2.

To the extent that Plaintiff's claim in this regard might be construed as requesting review by this Court of the denial of her SSI application, that request raises jurisdictional concerns. Section 405(g) of Title 42 of the United States Code confers on District Courts the jurisdiction to review Social Security benefits cases:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced

---

[5] An applicant for SSI benefits must satisfy all eligibility requirements, including income and resource limitations. 20 C.F.R. § 416.202(c), (d).

>within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). "Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *Id*. (citing 20 CFR § 416.1400). "If a claimant has proceeded through all four steps on the merits, . . . § 405(g) entitles him [or her] to judicial review in federal district court." *Id.*; *see also English v. Soc. Sec. Admin.*, 705 F. App'x 116, 117 (3d Cir. 2017) ("A 'final decision' is one rendered after a claimant has completed a four-step administrative review process consisting of an initial determination, reconsideration, a hearing before an ALJ, and Appeals Council review.") (citing 20 C.F.R. § 416.1400(a)).

"Ordinarily, judicial review is barred absent a 'final decision' by the Commissioner of Social Security." *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Therefore, "[a] final decision is "central to the requisite grant of subject matter jurisdiction." *Id*. (quoting *Mathews*, 424 U.S. at 328). The requirement of a "final decision"

>consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be waived by the [Commissioner] in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner].

*Id*. (quoting *Mathews*, 424 U.S. at 328) (internal quotation marks omitted). "If a plaintiff's claim is collateral to her claim for benefits, exhaustion may be waived under certain circumstances." *Id*. (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)); *see also English*, 705 F. App'x

6

at 117 ("Only if a plaintiff's claim is collateral to a claim for benefits, however, may exhaustion be waived."). For instance, a colorable constitutional claim based on alleged due process violations may confer federal court jurisdiction even if there has not been a "final decision" consistent with 42 U.S.C. § 405(g). *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) (finding no subject matter jurisdiction where the claimant "seeks only an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits" and did not challenge the denial of a petition on constitutional grounds); *Deleon v. Comm'r of Soc. Sec.*, 191 F. App'x 88, 91 (3d Cir. 2006) ("An allegation that an individual has 'been denied due process of law by not receiving effective notice of [an SSA] reconsideration determination' raises a colorable constitutional issue 'sufficient to confer jurisdiction on the district courts to review the [SSA's] denial of [the plaintiff's] request for a hearing.'") (quoting *Penner v. Schweiker*, 701 F.2d 256, 260–61 (3d Cir. 1983)); *Aponte v. Sullivan*, 823 F. Supp. 277, 282 (E.D. Pa. 1993) ("Because defective notice can give rise to due process violations in some circumstances, . . . we find that plaintiff has made out a colorable constitutional claim sufficient to give us subject matter jurisdiction.") (citations omitted); *cf. Tucker v. Sebelius*, No. CIV. 12-5900, 2013 WL 6054552, at *10 (D.N.J. Nov. 15, 2013), *aff'd sub nom. Tucker v. Sec'y of Health & Hum. Servs.*, 588 F. App'x 110 (3d Cir. 2014) ("A colorable constitutional claim may exist where it is the agency's actions that deprive a claimant of his constitutional rights.").

   The Commissioner's regulations governing SSI applications require that the claimant be given notice of denial of the application:

> We will mail a written notice of our initial determination to you at your last known address. The written notice will explain in simple and clear language what we have determined and the reasons for and the effect of our determination….
> The notice also will inform you of your right to reconsideration….

20 C.F.R. § 416.1404(a). Here, the record contains no evidence that Plaintiff was actually provided notice consistent with this regulation. The "recent notice" of denial of Plaintiff's SSI application to which the ALJ referred, R. 35 n. 1, "Ex. 13B," is a letter—addressed to Plaintiff's counsel and dated October 19, 2018—which explained as follows:

> Your client's application for disability is pending in the Office of Hearings and Appeals in Pennsauken NJ. A SSI application was taken as well, but [Plaintiff] had resources over the limit and SSI was denied based on the resources. If she no longer has any assets/resources she can file a new claim for SSI benefits.

R. 193.

Plaintiff testified at the administrative hearing that she never received formal notice of denial of her SSI application, nor did she receive guidance as to how to pursue further review of that denial. R. 61–62. *Cf.* R. 134–39 (reflecting formal written notice of the denial of Plaintiff's DIB application and explaining, *inter alia*, how to seek further review of that denial). While the ALJ relied on a letter apparently sent in 2018 advising Plaintiff's counsel that his client's 2016 SSI application had been denied, R. 35 n.1, there is no evidence in this record that contradicts Plaintiff's hearing testimony. *See generally* R. 35–49; *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 11. *See also Deleon*, 191 F. App'x at 91–92 (disagreeing, in the absence of evidence that notice ever existed, with ALJ's discrediting claimant's testimony that she did not receive notice).

Although Plaintiff does not expressly claim a denial of due process, such a claim is implicit in her arguments regarding the Commissioner's alleged failure to provide proper notice of denial of her SSI application and the harm that allegedly flowed from that failure, *i.e.*, the loss of her SSI claim and the ALJ's refusal to consider any evidence generated after the date on which Plaintiff was last insured for DIB. *See Plaintiff's Memorandum of Law*, ECF No. 10; *Plaintiff's Reply Brief*, ECF No. 12. Moreover, such a claim is collateral to her claim for benefits

in that it raises a colorable constitutional issue sufficient to confer on this Court jurisdiction to review the claim. *See Deleon*, 191 F. App'x at 91. In the absence of any evidence whatsoever that Plaintiff was provided proper notice of the denial of her SSI application, the Court cannot conclude that the ALJ's refusal to consider Plaintiff's claim to SSI benefits was based on substantial evidence.

Moreover, and even if this Court lacks jurisdiction to consider issues directly relating to the denial of Plaintiff's SSI application, the Court cannot find that substantial evidence supports the ALJ's denial of Plaintiff's DIB application. The ALJ refused to consider any relevant evidence generated after December 31, 2014, the date on which Plaintiff was last insured for DIB, based on a finding that Plaintiff's SSI application had been denied and was not before the ALJ for consideration. R. 35–49. In the absence of substantial evidence in the record that any determination of Plaintiff's SSI application conformed to the Commissioner's regulations, the ALJ's decision in this regard lacks substantial support.

The Court therefore concludes that the matter must be remanded for further consideration of these issues. It may very well be that, upon further consideration, the Commissioner will conclude that Plaintiff is not entitled to either DIB or SSI benefits. That determination, however, is for the Commissioner—not this Court—to make in the first instance.[6]

## IV.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Opinion and Order.

---

[6] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the particular issues addressed in this Opinion and Order, the Court does not consider those claims.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  August 11, 2021                                         *s/Norah McCann King*
                                                              NORAH McCANN KING
                                                         UNITED STATES MAGISTRATE JUDGE